IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| WSCE CORP. | : | CASE NO. 5:21-01873-MJC |
| | : | |
| DEBTOR | : | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE
APPLICATION TO APPROVE EMPLOYMENT OF DEBTOR'S COUNSEL**

The United States Trustee ("**UST**"), by and through his undersigned counsel, hereby objects to the Application to Approve Employment of Counsel for WSCE Corporation (the "**Debtor**"). In support of the objection, the United States Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. On August 25, 2021, the Debtor filed the instant proceeding under Chapter 11 of the United States Bankruptcy code along with an Application to Employ J. Zac Christman as Counsel ("**Application to Employ**"). Docket Entry Numbers[1] 1, 4.

2. Pursuant to L.B.R. 2014-1(c), the UST's deadline to object to the Application to Employ is September 15, 2021. The UST files the instant Objection for the purpose of scheduling a hearing at which the Court may consider the merits of the Application to Employ and the objections of any interested parties, including, but not limited to the UST.

**JURISDICTION**

3. . The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, § 157(a) and (b)(1) and 1334(a) and (b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(a),

---

[1] Hereinafter "Doc. No."

(b)(1) and (2)(A). Venue of this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to 28 U.S.C. § 586, the UST is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d. Cir. 1994) (noting that 11 U.S.C. § 307 give the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

5. The UST has standing to be heard on the Application to Employ pursuant to 11 U.S.C. § 307.

**BACKGROUND**

6. As noted above, on August 25, 2021, the Debtor filed a Petition under Chapter 11 of the United States Bankruptcy Code at Case No. 5:21-01873 MJC. Doc. No. 1.

7. On Schedule A/B, the Debtor claimed an interest in real property located at 141 Northslope II Road, East Stroudsburg, Pennsylvania 18302. Doc. No. 1, Sch. A/B, q. 55.

8. On Schedule G, the Debtor claims an interest in a lease with Luis and Zoraida Ramos (the "**Ramos**") for the above-referenced real property. Doc. No. 1, Pg. 19. Furthermore, the Debtor states that the "Contract" will be assumed.

9. On the Debtor's Statement of Financial Affairs (Official Form 207), the Debtor identifies Luis Ramos as its President and Controlling Shareholder with 100% interest. Doc. No. 1, Pg. 28.

10. Also, on August 25, 2021, the Debtor filed the Application to Employ with an attached Verification of Disinterestedness from Mr. Christman. Doc, No. 4.

11. In particular, the Verification of Disinterestedness from Mr. Christman disclosed the fact that Mr. Christman presents the Debtor's principal, Luis Ramos, in a Chapter 13 case. Doc. No. 4, Ex. 1, ¶ 2.

12. On January 29, 2020, Mr. Ramos filed a *pro se* Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Middle District of Pennsylvania at Case No. 5:20-00307 MJC (the "**Personal Case**").

13. On June 30, 2020, Mr. Christman entered his appearance on behalf of Mr. Ramos and moved to convert the case to one under chapter 13. Doc. No. 42 (Case No. 5:20-00307).

14. In his Personal Case, Mr. Ramos identified his principal residence as 141 Northslope II Road, East Stroudsburg, Pennsylvania 18302 (the "**Residence**"), the same property the Debtor claims to own on Schedule A in the instant case.

15. In his Personal Case, Mr. Ramos failed to identify the Debtor as a creditor and did not provide the Debtor notice of the Chapter 7 filing. Doc. No. 4 (Case No. 5:20-00307).

16. On Schedule A/B in the Personal Case, Mr. Ramos claimed an ownership interest (fee simple) in the Residence. Doc. No. 1, Pg. 11 (Case No. 5:20-00307).

17. Subsequent thereto, Mr. Ramos, with the assistance of Mr. Christman, amended Schedule A/B to claim an interest (equitable owner) in the Residence. Doc No. 41.

18. On amended Schedule G, Mr. Ramos failed to claim any executory or unexpired leases. Doc. No. 41.

19. Furthermore, on amended Schedule J, Mr. Ramos failed to claim an on-going monthly expense for rent or home ownership. Doc. No. 41.

20. Title to the Residence is in the name of the Debtor as evidenced by the Deed recorded in the Office of the Recorder of Deeds for Monroe County at Book No. 2439, Page No. 7009.

21. On June 19, 2014, Mr. Ramos, in his capacity as Sole Shareholder for the Debtor, executed and delivered to Secured Investment High Yield Fund, LLC a Promissory Note (the "Note") in the original principal sum of $44,200.00. A copy of the Note is attached hereto and marked as Exhibit "A".

22. The Note is secured by the Residence and accompanied by a Mortgage dated June 19, 2014 and recorded in the Office of the Recorder of Deeds for Monroe County on June 23, 2014, at Book No. 2439, Page No. 7013. A copy of the Mortgage is attached hereto and marked as Exhibit "B".

23. Upon information and belief, the Residence is the single largest asset of the Debtor in the instant Chapter 11 case.

24. Upon information and belief, the Ramos were delinquent on their obligations to the Debtor under the purported oral lease at the time of filing and have no intention or ability to make the necessary payments to the Debtor.

## ARGUMENT

25. 11 U.S.C. § 327(a) allows the trustee of a bankruptcy estate to employ attorneys to assist with his or her duties.

26. The power of a debtor-in-possession to employ professionals is the same as a trustee. *11 U.S.C. § 1107(a)*; *United States v. Price Waterhouse,* 19 F.3d 138, 141 (3d Cir. 1994).

27. The position is based upon the requirement that any professional retained by the debtor be disinterested and not hold an interest which is adverse to the estate. 11 U.S.C. § 327(a); *In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 475 (3d Cir. 1998).

28. Section 101(14) of the Bankruptcy Code defines a disinterested person as someone who does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, <u>or for any other reason</u>. 11 U.S.C. § 101(14)(C).

29. The standards in Section 327(a) "serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994). See also *In re Prudent Holding Corp.*, 153 B.R. 629, 631 (Bankr. E.D.N.Y. 1993) ("Bankruptcy Code § 327(a) is a prophylactic provision designed to insure that the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded.")

30. The catch-all clause provided in Section 101(14)(C) "is sufficiently broad to include any professional with an interest <u>or relationship</u> that would even faintly color the independence and impartial attitude required by the Code." *In re Crivello*, 134 F.3d 831, 835 (7th Cir. 1998)(internal quotations and citations omitted)(emphasis added).

31. As a general proposition, "the dual representation of a closely held corporation and its principal has been disfavored by various bankruptcy courts." *In re Cunzolo,* 423 B.R. 735, 737 (Bankr. W.D. Pa. 2010), *citing In re BH & P, Inc.,* 949 F.2d 1300 (3d Cir. 1991); *In re Bohahck Corp.,* 607 F.2d 258 (2d Cir. 1979); *In re Frascella Enters., Inc.,* 2006 Bankr. LEXIS 1031, 2006 WL 1530256 (Bankr. E.D. Pa. 2006).

32. The Third Circuit has adopted a "case-specific" conflicts-of-interest analysis that is largely "committed" to the sound discretion of the bankruptcy court. *In re BH & P, Inc.,* 949 F.2d 1300, 1310-14 (3d Cir. 1991)

33. The UST objects to Mr. Christman's representation of the Debtor, due to the existence of either an actual or potential conflict of interest with Mr. Ramos.

34. Mr. Ramos, and his wife, are the Debtor's purported tenants and based upon all available information, are in default on the lease claimed by the Debtor and the Debtor may take actions that impact the interests of the Ramos.

35. Regardless of what, if any actions, the Debtor and the Ramos will both need legal guidance from Mr. Christman who is attempting to represent both the landlord and the tenants in this dispute.

36. The UST posits that Mr. Christman is unable to tender his "undivided loyalty and provide untainted advice" to the Debtor in the Chapter 11 case and Mr. Ramos, given his current role as counsel to Mr. Ramos in his Chapter 13 case.

**RESERVATION OF RIGHTS/CONCLUSION**

37. The UST reserves all rights and remedies to, among other things, complement, supplement, modify or renew this limited objection.

*(Intentionally left blank to end of page)*

WHEREFORE, the United States Trustee respectfully requests that the Court enter the attached proposed order scheduling a hearing on the Application to Employ and grant any such further relief as the Court deems appropriate and just.

                                                Respectfully submitted,

ANDREW R. VARA,
UNITED STATES TRUSTEE,
REGIONS 3 & 9

D. TROY SELLARS,
ASSISTANT UNITED STATES TRUSTEE

By: */s/ Joseph P. Schalk*
Joseph P. Schalk, Esquire
Trial Attorney, PA ID 91656
Office of the U.S. Trustee
228 Walnut Street, Room 1190
Harrisburg, PA 17101
(717) 221-4515

Date: September 3, 2021